## OWENS v. BUTLER COUNTY.

1. **Contract**: PARTIES MUST ABIDE BY ITS TERMS. The law will not relieve parties from the hardships of their contracts. Fraud, misrepresentation or concealment must be shown, to entitle one to relief from anything against which he might have provided but failed to do so.

2. ——: ——: APPLICATION. In an action upon a contract for building a bridge, the plaintiff sought to recover for extra expenditure occasioned by the necessity for the use of coffer dams, not contemplated by either of the parties to the contract at the time it was entered into: *Held*, that the rights of the parties should be determined by the contract, and that equity would not afford relief therefrom.

*Appeal from Franklin District Court.*

THURSDAY, MARCH 18.

THE petition is in two counts. The first claims to recover $1,900 upon a written contract for the building of a bridge at

New Hartford, over Beaver creek, the second is for extra work and materials, performed and furnished, in building another bridge at Shell Rock, over the Shell Rock river. The last count was amended by a pleading which shows and sets out the contract for building the bridge, and avers that at the time the contract was entered into, it was understood that the rock, upon which the piers of the bridge were to stand, was at the bottom of the water, and both parties made the contract upon the supposition and belief of that condition of things. But after a large expenditure in work and materials, it was discovered that the rock was from five to seven feet below the water, and the piers could not be built upon it without the use of coffer dams. Upon this discovery plaintiff refused to proceed with the work, and the bridge committee agreed to pay him a reasonable compensation for the expense of reaching the rock. Relying upon this agreement plaintiff did proceed to build coffer dams, and to construct the piers on the rock. It is also averred that it was the understanding of the parties that the stone for the piers could be had at a certain quarry near the bridge, but the stone there found was unfit for use in constructing the work, and other materials was procured at great expense to plaintiff. The amended petition prays that the issues be divided, and those made by the amendment be transferred to the chancery docket, and upon that issue defendant be allowed for the extra labor and expense incurred by him. The contract set out in the petition, and given in evidence, contains no condition upon the subject, further than that the piers shall be built on the solid rock. Nothing is said therein as to the quarry from which the stone shall be procured.

The allegations of the petition and amended petition are denied by defendant.

The cause was transferred to the chancery docket upon agreement of the parties. It was tried to a jury who returned a general verdict of $6,697 for plaintiff. Defendant appeals.

*J. B. Powers* and *A. Converse*, for appellant.

*Boies, Allen & Couch*, for appellee.

BECK, J.—Without indulging in any criticism upon the manner of the presentation of the cause to this court. or remarks upon the unusual course pursued in the court below, we will proceed to consider certain points involving the correctness of the court's rulings. A preliminary statement of one or two principles of law is proper.

The law will not undertake to relieve parties from the hardships of their contracts. The happening of an event against which a party could have provided in his contract, will not relieve him from its obligation. If the plaintiff covenanted to build the piers upon the solid rock, the fact that it required outlays that did not enter into the contemplation of the parties when the instrument was executed, will not relieve him from performing its stipulations upon the terms expressed. Neither can he vary the instrument or contradict its language by parol evidence. .Equity will not relieve against contracts except for fraud or mistake. When facts are equally within the knowledge or means of knowledge of both parties, and there has been no misrepresentation or concealment, neither can be relieved in chancery because of hardships resulting from matters against which the agreement does not provide. These are elementary principles.

*1. CONTRACT: parties must abide by its terms.*

The court instructed the jury in the following language:

" In addition to extra charge for granite in lieu of limestone, and the extra compensation provided by· the contract for the height of the piers, plaintiff claims for extra labor not contemplated by the parties in finding solid rock under the bed of the river. If you find upon the evidence that the parties did not contemplate the possible contingency of going under the bed of the river, as plaintiff·was required to, in order to get a suitable foundation, when they made the contract, then plaintiff will be entitled to extra compensation, for all necessary expenses incurred by him not contemplated by the parties, in going down and putting in the foundation."

, The error of this instruction is apparent when the legal rights of the parties are considered. It equally fails to express principles recognized in equity. It announces this rule, that if plaintiff undertook to build the piers upon rock

foundations, he may recover for extra work, if, to reach this rock, he had to be at expense not contemplated by the parties. The court thus permitted plaintiff to recover against the very terms of his contract, without establishing that through fraud or mistake it failed to express the true intention of the parties, or was procured through misrepresentation or concealment. The instruction is sustained by neither principles of law nor equity.

We need not remark upon the peculiarities of the case as it is presented to us. Doubtless counsel will reconsider the pleadings and the manner of trial before it is again submitted for adjudication, and will determine whether changes in these will not aid in settling the rights of the parties.

REVERSED.