## P. H. McCauley, Appellee, v. The City of Des Moines, Appellant.

1. **Contract**: CONSTRUCTION: EVIDENCE.  The plaintiff undertook by a contract in writing to construct a brick sewer for the defendant according to written plans and specifications at a certain price per lineal foot.  By the terms of the contract he agreed to make all necessary excavations, and furnish at his own expense all necessary materials and labor.  In making the excavation the plaintiff found it necessary to remove a large quantity of rock in order to put the sewer in place, which involved an expenditure of several hundred dollars more than would have been incurred if the excavation had been composed wholly of earth.  *Held,* that parol evidence was inadmissible to show that when the contract was made the parties thereto supposed that the excavation would be of earth alone.

2. ————: ————.  One of the specifications being that whatever precaution unforeseen circumstances may render necessary in the judgment of the engineer, in order to make the sewer both unyielding and impervious shall be taken; and that all extra work or materials rendered necessary thereby, which may be ordered by the engineer, should be paid for on his estimate; *held,* that the specification had no reference to the excavation.

*Appeal from Polk District Court.* — Hon. Marcus Kavanagh, Jr., Judge.

### Tuesday, June 2, 1891.

This is an action to recover for alleged extra work in building a brick sewer under a written contract with the defendant.  There was a trial by jury, and a verdict and judgment for the plaintiff.  The defendant appeals.—*Reversed.*

*Detrick & McMartin* and *Hugh Brennan,* for appellant.

*Kauffman & Guernsey* and *Macy, Sweeney & Jones,* for appellee.

Rothrock, J.—I.   The contract which the plaintiff undertook to perform was to construct a brick sewer

1. Contract: construction: evidence.

in the city of Des Moines, according to certain written plans and specifications. The plaintiff was to make the excavation, furnish the materials, and complete the work for four dollars and forty-four cents per lineal foot.   He was to perform all the labor under the direction of the city engineer, and to furnish all the material necessary to construct and complete the work he undertook to perform.   In making the excavation the plaintiff claims that it was necessary to remove a large quantity of rock in order to put the sewer in place, and that, when the contract was made, the parties thereto supposed that earth excavation would alone be required.   The evidence shows that the excavation of the rock imposed upon the plaintiff an expenditure of several hundred dollars in addition to what would have been incurred if there had been an excavation wholly composed of earth.   This is the foundation of the plaintiff's demand against the city.

The claim of the plaintiff must be determined by the contract, and we may here say at the outset that there is no ambiguity in the instrument that is susceptible of explanation by oral evidence.   By the very terms of the contract the plaintiff bound himself "to furnish at his own proper expense all necessary material and labor, and excavate and build in a good, firm and substantial manner" the sewer in question.   It was provided in the specifications that "the contractor shall make all necessary excavations for the sewer proper as well as for the appurtenances.   The excavations are to be made in such directions and of such widths and depths as shall be necessary."   If these provisions of the agreement of the parties are to be construed by the natural meaning of the language employed, there is no

ground upon which the plaintiff can be permitted to recover. He was bound to make the excavation without regard to the character of the substance to be removed, whether clay, sand, quicksand, hard-pan or stone. The fact that the excavation required labor which did not enter into the contemplation of the parties when the contract was made will not excuse a performance for the consideration agreed upon. The facts were equally within the knowledge or means of knowledge of each of the parties, and they must be held to its performance, and are not entitled to relief from hardships against which no relief can be predicated from the agreement. *Owens v. Butler Co.*, 40 Iowa, 190. That case was determined in 1875, and it is said therein that the principle above announced is elementary. It is to be found in every text-book upon contracts, and why the court permitted the plaintiff to introduce parol evidence to show that both parties supposed there was no rock formation in the line of the proposed sewer is more than we can understand. It was a plain and palpable violation of that other elementary principle that it is not competent to contradict the language of a written contract by parol evidence.

II. But it is claimed by counsel for the appellee that the contract did not absolutely provide that rock excavations should be made. The clause relied upon is found in the specifications, and is as follows: "Whatever precaution unforeseen circumstances may render necessary in the judgment of the engineer in order to make the sewer both unyielding and impervious shall be taken; and all extra work or materials rendered necessary thereby which may be ordered by the engineer shall be paid for on his estimate, and at a price to be determined by him. Any work not herein specified, which may be fairly implied as included in this contract, of which the city engineer shall judge, shall be done by the contractor without

extra charge." The first paragraph of this part of the specifications has no reference to the excavation. It refers to that part of the work necessary to make the sewer "unyielding and impervious," and any extra labor or expense in the way of strengthening the sewer by additional courses of brick or otherwise, or by the use of additional cement or other appliance, to render the sewer impervious. It does not refer in the remotest degree to the excavation necessary to be made, and in which the sewer was to be placed. The last paragraph, in our opinion, has even less bearing upon the claim of the plaintiff than the first. It applies to any work not specified in the contract, and which is not fairly implied as included therein as extra work. But the excavation is plainly provided for in the contract. It is not necessary to imply anything to reach that conclusion. The contract is express upon this part of the work. There was no ground for any extra estimate to be made by the engineer for removing the rock, and all of his acts in that direction were without authority from the city council.

We need not discuss this case further. The court should have excluded the parol evidence, and, instead of instructing the jury as matter of law that the plaintiff was entitled to recover, the motion of the defendant to direct the jury to return a verdict for the defendant should have been sustained. REVERSED.